

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed February 8, 2006

United States Bankruptcy Judge

_____

| | | |
|---|---|---|
| IN RE: | § | |
| LANCE EDWARD JOHNSON | § | In Proceedings Under Chapter 13 |
| | § | |
| Plaintiff | § | 05-36927 BJH-13 |
| | § | |
| vs. | § | |
| | § | Adversary No. 05-03564-BJH |
| CITIZENS NATIONAL BANK IN WAXAHACHIE, A NATIONAL ASSOCIATION | § | |
| | § | |
| Defendant | § | |

### ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 12, 2006 the Court considered Plaintiff Lance Edward Johnson's (the "Debtor") Verified Motion to Reopen Respondent's Case-in-Chief Prior to Entry of Order Granting Sale of Cessna. After considering the motion to reopen, the evidence offered in support of such motion, and the arguments of counsel, the Court granted the motion to reopen and heard further evidence on the merits of the underlying motion to sell. Accordingly, after hearing the additional evidence from both parties, the Court enters these additional findings of fact and conclusions of law, and orders, as follows. Specifically, the Court finds that on February 17, 2005, the DEA issued a Declaration of Forfeiture related to the 1972 Cessna 340 aircraft, serial number 34-0040 (the "Cessna"), declaring the Cessna forfeited to the United States pursuant to 19 U.S.C. § 1609. The Court concludes that pursuant to 19 U.S.C. § 1609, neither the Debtor, nor the Debtor's bankruptcy estate, had any right,

title, or interest in the Cessna on the date the Debtor's bankruptcy case was commenced because the Cessna was forfeited to the United States prior to the Debtor's bankruptcy filing. Furthermore, since neither the Debtor nor the Debtor's bankruptcy estate had any interest in the Cessna, the Court concludes it has no jurisdiction over the Cessna. Based upon the foregoing findings of fact and conclusions of law, the Court enters orders as follows. It is therefore

ORDERED that the Court will decline to rule upon CNB's Motion for Sale of Cessna due to mootness and the Court's lack of jurisdiction to restrain CNB from selling the Cessna. It is further

ORDERED that the Court will decline to order CNB to turnover the Cessna to the Debtor or the Debtor's representative due to mootness and the Court's lack of jurisdiction to restrain CNB from selling the Cessna. It is further

ORDERED that the portion of the Court's September 8, 2005 Order restraining CNB from selling the Cessna without Court approval is vacated.

### END OF ORDER ###

AGREED AS TO FORM:

____/s/ John C. Wray_____
John C. Wray
Attorney for Citizens National Bank
In Waxahachie


_____no signature_____
Vernon Johnson
Attorney for Debtor Lance Johnson